FILED

2006 JAN 24 PM 3:43

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

ARGONAUT INFLATABLE
RESEARCH & ENGINEERING, INC.
2021 East Wilson Lane
Meridian, Idaho 83642,

    Plaintiff,

v.

POLYMER & STEEL
TECHNOLOGIES, INC.,
d/b/a ENPAC CORPORATION,
34355 Vokes Drive
Eastlake, Ohio 44095,

    Defendant.

CASE NO. 1:06CV 171

JUDGE: JUDGE GWIN

COMPLAINT
(Jury Demand Endorsed Hereon)

MAG. JUDGE LIMBERT

COPIES OF COMPLAINT WITH ___ COPIES OF SUMMONS
ORIGINAL AND ___ AND MAGISTRATE CONSENT FORM ISSUED TO
COUNSEL FOR PLAINTIFF ON: 1/24/06

Now comes Plaintiff, Argonaut Inflatable Research & Engineering, Inc. ("AIRE"), and for its Complaint against Defendant, Polymer & Steel Technologies, Inc., d/b/a ENPAC Corporation ("ENPAC"), states as follows:

1.     This is an action for malicious civil prosecution, abuse of process, fraud, breach of contract, unjust enrichment and trademark infringement.

### The Parties

2.     AIRE is a corporation existing under the laws of the state of Idaho, with a principal place of business at 2021 East Wilson Lane, Meridian, Idaho 83642.

3.     AIRE conducts certain of its business under the assumed business name "Outcast Sporting Gear."

4.     ENPAC is a corporation existing under the laws of the state of Ohio, with a principal place of business at 34355 Vokes Drive, Eastlake, Ohio 44095.

1

## Jurisdiction

5. This Court has original jurisdiction over AIRE's trademark infringement claim under 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. 1338(a), and supplemental jurisdiction under 28 U.S.C. § 1367(a). This Court also has original jurisdiction over the balance of the claims brought by AIRE pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the matter in controversy in this action exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 as ENPAC resides within the judicial district.

## Statement of Facts

7. AIRE is a manufacturer of various flexible products, including secondary spill containment berms.

8. ENPAC markets and sells spill containment, spill prevention and industrial handling products.

9. On or about July 3, 2002, ENPAC entered into an exclusive distribution agreement with AIRE whereby ENPAC would market and sell a number of AIRE's flexible products, including AIRE's secondary spill containment berms (the "Distribution Agreement").

10. On or about August 19, 2003, ENPAC was sued by Ultratech Int'l, Inc. ("Ultratech"), with Ultratech alleging that the secondary spill containment berms manufactured by AIRE, and marketed and sold by ENPAC, infringed certain of its patents.

2

11. ENPAC did not request AIRE to defend the litigation brought against it by Ultratech.

12. During the course of the litigation with Ultratech and continuing thereafter, ENPAC ordered flexible products from AIRE for distribution.

13. Upon information and belief, and without notifying AIRE, during the course of the litigation with Ultratech, ENPAC began shopping other manufacturers for the flexible products it was obligated to purchase from AIRE under the Distribution Agreement.

14. Upon information and belief, on or about April of 2005, ENPAC made a determination to settle the litigation with Ultratech, without any input from AIRE.

15. After settling its litigation with Ultratech, ENPAC refused to pay for the flexible products it had ordered from AIRE and which AIRE had delivered to ENPAC.

16. After settling its litigation with Ultratech, and without the consent of AIRE, ENPAC began using the mark "AIR" on flexible products then being purchased by ENPAC from a manufacturer other than AIRE, and continued to provide products under government contracts identifying AIRE/Outcast Sporting Gear as the manufacturer on the GSAs, when the products were in fact manufactured by others.

17. When AIRE insisted on payment for the flexible products ordered, although AIRE had not been requested by ENPAC to defend the action brought by Ultratech and ENPAC had settled the litigation with Ultratech without an adjudication of infringement, ENPAC brought suit against AIRE in the Northern District of Ohio, Case No. 1:05CV1472 ("the Suit"), for, among others, breach of implied warranty that the secondary spill containment berms AIRE delivered to ENPAC were being delivered free

3

of the rightful claim of any third person by way of infringement pursuant to O.R.C. § 1302.25.

18. On or about November 25, 2005, ENPAC dismissed the Suit.

## COUNT I—MALICOUS CIVIL PROSECUTION

19. AIRE repeats the allegations set forth in Paragraphs 1 through 18 as if fully rewritten.

20. ENPAC initiated the Suit against AIRE, maliciously, knowing that it had not asked AIRE to defend the litigation brought against ENPAC by UltraTech, and that ENPAC had settled the litigation without any input from AIRE and without an adjudication of the infringement issue.

21. Because of ENPAC's conduct, AIRE was forced to expend time and resources to defend the Suit, and to seek counsel and advice regarding the same.

## COUNT II—ABUSE OF PROCESS

22. AIRE repeats the allegations set forth in Paragraphs 1 through 21 as if fully rewritten.

23. ENPAC initiated and pursued the Suit against AIRE for the ulterior purpose of causing AIRE to forego its demand for payment of amounts due AIRE for the flexible products ordered by ENPAC and delivered by AIRE.

24. Because of ENPAC's conduct, AIRE was forced to expend time and resources to defend the Suit, and to seek counsel and advice regarding the same.

## COUNT III—FRAUD

25. AIRE repeats the allegations set forth in Paragraphs 1 through 24 as if fully rewritten.

26. ENPAC continued to purchase flexible products from AIRE during the course of the lawsuit brought against ENPAC by Ultratech and thereafter, representing to AIRE that ENPAC would pay for the flexible products ordered but with the intent of offsetting the monies earned by ENPAC from the sale of those flexible products against attorney fees ENPAC had expended in defending the lawsuit brought against it by Ultratech.

27. ENPAC's representations were false and made with the intent to deceive AIRE and to cause AIRE to rely thereon and deliver the flexible products.

28. AIRE reasonably relied to its damage upon the representations of ENPAC that it would pay for the flexible products ordered by it from AIRE during the course of the lawsuit brought against it by Ultratech and thereafter.

29. ENPAC did not pay for the flexible products so ordered, to AIRE's damage.

30. AIRE's damage was the direct and proximate result of the conduct of ENPAC.

## COUNT IV—BREACH OF CONTRACT

31. AIRE repeats the allegations set forth in Paragraphs 1 through 30, above, as if fully rewritten.

32. From about January through May of 2005, ENPAC ordered flexible products from AIRE, which flexible products AIRE manufactured and delivered to ENPAC in the total amount of Eighty-One Thousand Eight Hundred Twenty-one Dollars and Thirty Cents ($81,821.30).

33. AIRE has demanded payment for the flexible products delivered.

5

34. ENPAC has refused and continues to refuse to pay the amount due for the flexible products delivered to it by AIRE.

35. AIRE has been damaged in the amount of the unpaid balance plus interest from the date of demand.

### COUNT V—UNJUST ENRICHMENT

36. AIRE repeats the allegations set forth in Paragraphs 1 through 35, above, as if fully rewritten.

37. ENPAC has been unjustly enriched to the damage of AIRE in the amount of the unpaid balance of the flexible products that ENPAC ordered from AIRE and retained without payment.

### COUNT VI—TRADEMARK INFRINGEMENT

38. AIRE repeats the allegations set forth in Paragraphs 1 through 37, above, as if fully rewritten.

39. To identify its flexible products, in or about November of 1990, AIRE first adopted and used in commerce, and continues to use in commerce, the trademark "AIRE", which trademark has been registered on the Principal Register (U.S. Reg. No. 2852304) under the Lanham Act.

40. ENPAC's use of the trademark AIR, a colorable imitation of AIRE's registered trademark, on flexible products ENPAC purchased from others is likely to cause confusion as to the source of those goods among the relevant purchasing public and, therefore, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

41. ENPAC's continued sale of products under government contracts, identifying AIRE/Outcast Sporting Gear as the manufacturer on associated GSAs,

constitutes a false designation of origin or a false or misleading representation of fact which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of AIRE with ENPAC or as to the origin of such products, in violation of 15 U.S.C. § 1125(a).

42. ENPAC's conduct has subjected and will continue to subject AIRE and its registered trademark to irreparable injury for which AIRE has no adequate remedy at law.

43. ENPAC's use of a colorable imitation of AIRE's trademark and its false designations and representations were intentional and willful.

44. As a result of ENPAC's conduct, AIRE has lost and will continue to lose monies from sales of secondary spill containment berms.

WHEREFORE, AIRE prays for judgment against ENPAC as follows:

A. An award of actual and punitive damages for malicious prosecution;

B. An award of actual and punitive damages for abuse of process;

C. An award of actual and punitive damages for fraud;

D. An award in an amount equal to payment in full of all outstanding amounts due to AIRE;

E. That a preliminary and permanent injunction enjoining ENPAC, its agents, servants and employees, and those acting by or under or in concert with it from using, advertising or displaying the AIRE trademark or any colorable imitation thereof, including but not limited to AIR, in conjunction with ENPAC's marketing and sale of flexible products;

F. That a preliminary and permanent injunction enjoining ENPAC, its agents, servants and employees, and those acting by or under or in concert with it from supplying

7

product under government contracts, identifying AIRE/Outcast Sporting Gear as the manufacturer on the associated GSAs;

G. That the Court order ENPAC to file with the Court and serve on AIRE within fifteen (15) days after service on ENPAC of an order of injunction, a written report, under oath, setting forth in detail the manner and form in which ENPAC has complied with the injunction;

H. An award to AIRE of (1) ENPAC's profits; (2) AIRE's lost profits; (3) treble damages; and (4) reasonable attorneys' fees and cost incurred in connection with this matter relevant to 15 U.S.C.§ 1117;

I. An award to AIRE of its attorney fees, costs and disbursements, and interest as allowed by law; and

J. Such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

AIRE requests a jury as to all matters triable to a jury under the law.

Respectfully submitted,

_____
Ray L. Weber (Ohio Reg. No. 0006497)
Laura J. Gentilcore (Ohio Reg. No.0034702)
Mark L. Weber (Ohio Reg. No. 0072078)
RENNER, KENNER, GREIVE, BOBAK,
 TAYLOR & WEBER
Fourth Floor
First National Tower
Akron, Ohio 44308-1456
Telephone: (330) 376-1242
Facsimile: (330) 376-9646

and

Steven R. Weeks
P.O. Box 668
Eagle, Idaho 83616-0668
Telephone: (208) 939-5955
Facsimile: (208) 939-7996

Attorneys for Plaintiff,
Argonaut Inflatable Research &
Engineering, Inc.